**SO ORDERED.**

**SIGNED this 02 day of May, 2011.**



*Dale L. Somers*
Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Designated for on-line use but not for print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

PHILIP DUANE LUNT,

DEBTOR.

CASE NO. 10-13712
CHAPTER 7

MEMORANDUM OPINION AND ORDER
DENYING MOTION TO EXERCISE DISCRETIONARY ABSTENTION

The matter before the Court, filed by Peoples Bank of Pratt (hereafter "Bank"), is the Motion to Exercise Discretionary Abstention as it Pertains to the Motion for

Contempt filed by Debtor (hereafter "Motion to Abstain").[1] Debtor Philip Lunt, opposes the Motion.[2]

This Chapter 7 case was originally filed in 1988 as Case no. 88-41511, and Debtor was granted a discharge on July 19, 1989. The case was reopened on August 31, 2010, with case no. 10-13712, to allow the Debtor to file a Motion to Find Peoples Bank in Contempt for Violating the Discharge Injunction (hereafter "Motion for Contempt"). The Motion for Contempt was filed on September 9, 2010. It alleges that the Bank, in its capacity as trustee of the Harry B. Lunt Trust, violated Debtor's discharge by applying trust distribution due the Debtor as payment on Debtor's note to the trust, the liability on which was discharged. The Bank objected to the Motion for Contempt on the merits, relying primarily upon the doctrine of recoupment, a well-established exception to the discharge injunction.[3]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for contempt of the discharge injunction and a motion for abstention are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2). There is no objection to venue or jurisdiction over the parties.

[2] Two of Debtor's siblings, Elaine Stelter and Steve Lunt, have filed a response to the Motion, joining in and adopting the arguments of the Bank. Debtor has objected to the attempted joinder. The Court declines to rule as it finds the attempted joinder to be of no consequence.

[3] *Beaumont v. Department of Veteran Affairs (In re Beaumont)*, 586 F.3d 776, 780-81 (10th Cir. 2009). *See also Conoco, Inc. v. Styler (In re Peterson Distributing, Inc.)*, 82 F.3d 956 (10th Cir. 1996) and *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533 (10th Cir. 1990).

2

The Bank also responded to the Motion for Contempt by filing the Motion to Abstain which is now before the Court. It argues that this Court should defer to the state court because the Motion for Contempt raises the same issues as currently pending in state court litigation brought by the Debtor, styled *Lunt v. The Peoples Bank, et al.*, pending in the District Court of Pratt County Kansas, case no. 10 CV 52 (hereafter "State Court Litigation").

The statutory basis for permissive abstention is 28 U.S.C. § 1334(c)(1). It provides:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The federal courts have developed a list of relevant factors to consider when deciding whether to abstain. A commentator lists those factors as follows:

> 1. the effect or lack of effect on the efficient administration of the estate if a court abstains;
> 2. the extent to which state law issues predominate over bankruptcy issues;
> 3. the difficulty or unsettled nature of the applicable state law;
> 4. the presence of a related proceeding commenced in the state court or other nonbankruptcy court;
> 5. the jurisdictional basis, if any, other than 28 U.S.C.A. § 1334;
> 6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> 7. the substance rather than form of an asserted "core" proceeding;

> 8. the feasibility of severing state law claims from core
> bankruptcy matters to allow judgments to be entered in state
> court with enforcement left to the bankruptcy court;
> 9. the burden on the bankruptcy court's docket;
> 10. the likelihood that the commencement of the proceeding
> in bankruptcy court involves forum shopping by one of the
> parties;
> 11. the existence of a right to a jury trial;
> 12. the presence in the proceeding of nondebtor parties; and
> 13. any unusual or other significant factors.[4]

In bankruptcy cases, factor five, the jurisdictional basis, is very important. One commentator states, "Although this permissive abstention applies both to core and noncore matters, it is unusual in core proceedings for the court to exercise permissive abstention."[5] Some courts have suggested that abstention is not proper in core proceedings. Another commentator states as follows, also indicating that abstention is rare in core matters:

> Some courts have concluded that abstention should be
> exercised only in a narrow sphere of cases and that abstention
> should be the exception, not the rule. Thus, although one
> could conceive of a court deciding to abstain from hearing a
> preference matter, even though actions to recover preferences
> are core proceedings under section 157(b)(2), or an action to
> determine dischargeability of a debt (it is not unheard of for
> the bankruptcy court to abstain from hearing the liability
> phase of a discharge trial, instead directing that it be heard in
> state court, reserving for itself the determination of whether

---

[4] 1 Norton Bankr. L. & Prac. 3d § 8.6 (Thompson/West 2010).

[5] *Id*.

4

any liability found to exist is dischargeable) such results
cannot be expected to be reached with any regularity.[6]

The Debtor contends that the Motion for Contempt is a core proceeding. The Bank does not argue otherwise, and case law supports the Debtor's position. The Tenth Circuit has said, "Civil contempt proceedings arising out of core matters are themselves core matters."[7] An Oklahoma bankruptcy opinion states, "An action before the Court which issued a discharge, for the purpose of determining the scope of said discharge under 11 U.S.C. § 524 and enforcing said discharge pursuant to 11 U.S.C. §§ 105, 525, is not merely related to the bankruptcy, but arises under Title 11 and arises in a case under Title 11, is a 'proceeding . . . affecting . . . the adjustment of the debtor-creditor relationship,' and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(0)."[8] The fact that the Motion for Contempt is a core matter therefore strongly mitigates against granting the Motion to Abstain.

Although some of the other factors weigh in favor of abstention, they are not sufficient to overcome the fact that the Motion for Contempt is a core proceeding. Factors two and three support abstention since state law issues will be important to the

---

[6] 1 *Collier on Bankruptcy* ¶ 3.05 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2010).

[7] *Mountain Amer.Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 448 (10th Cir. 1990).

[8] *Jacobs v. State of Okla. (In re Jacobs)*, 149 B.R. 983, 989 (Bankr N.D. Okl. 1993).

recoupment defense.  As to factor four, the assertion that the Bank violated the discharge injunction is alleged in Count III of the petition filed in the State Court Litigation.  Factor eight, the absence of feasability to completely sever the bankruptcy issues from the state law claims, supports abstention.  Since all claims arise from the same complex family relationship, there will undoubtedly be overlap of factual issues.  Pursing contemporaneous parallel proceedings in the state and bankruptcy courts will not be efficient.  As to factor twelve, the Bank, non-debtor, is a party to the Motion for Contempt.  The additional factors which in some cases would support abstention are not present.  As stated above, because the Motion for Contempt is a core matter, factors five, six, and seven strongly indicate the Motion for Abstention should be denied.  In addition, factors nine, ten, and eleven are not present, as retaining the Motion for Contempt will not overly burden this Court's docket, there is no forum shopping in the customary sense of molding facts for the purpose of conferring jurisdiction on another court, and there is no jury trial issue raised by the Bank.

     For the foregoing reasons, the Court denies the Motion to Abstain.  However, the Court will carefully monitor trial preparation and the timing of hearing the Motion for Contempt to reduce to fullest extent possible the duplication of efforts which the Court anticipates will result from having litigation in two courts.  To this end, a status conference shall be held on August 30, 2011 at 10:00 A.M.  In addition, the Court pursuant to Bankruptcy Rule 9014(c), hereby directs the parties to comply with Federal

Rule of Civil Procedure 26(f). Avoidance of duplication of efforts and efficient timing of the hearing of the Motion for Contempt shall be goals of the discovery plan.

**IT IS SO ORDERED.**

###