SO ORDERED.

SIGNED this 7th day of May, 2012.



_Dale L. Somers_
Dale L. Somers
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

PHILIP DUANE LUNT,                                CASE NO.  10-13712
                                                  CHAPTER 7
                            DEBTOR.

MEMORANDUM OPINION AND ORDER
GRANTING MOTION OF ELAINE L. STELTER AND STEVEN A. LUNT TO
PARTICIPATE IN SUMMARY JUDGMENT BRIEFING AND
SETTING BRIEFING SCHEDULE

Elaine L. Stelter and Steven A. Lunt (Trust Beneficiaries) move to participate in

briefing of the motion for summary judgment filed by Debtor Philip Lunt with respect to

the Motion for Contempt.[1]  Debtor opposes the Motion.[2]  For the following reasons, the

Trust Beneficiaries' Motion is granted.

_____

[1] Dkt. 209.

[2]  Dkt. 212.

This Chapter 7 case was originally filed in 1988 as Case no. 88-41511, and Debtor

was granted a discharge on July 19, 1989. The case was reopened on August 31, 2010,

with case no. 10-13712, to allow the Debtor to file a Motion to Find Peoples Bank in

Contempt for Violating the Discharge Injunction (Motion for Contempt). The Motion for

Contempt was filed on September 9, 2010. It alleges that the Bank, in its capacity as

trustee of the Harry B. Lunt Trust, violated Debtor's discharge by applying trust

distributions due the Debtor as payment on Debtor's note to the trust, the liability on

which was discharged. The Bank objected to the Motion for Contempt on the merits,

relying primarily upon the doctrine of recoupment, a well-established exception to the

discharge injunction. The Bank also responded to the Motion for Contempt by filing the

Motion to Abstain.[3] It argued that this Court should defer to the state court because the

Motion for Contempt raises the same issues as currently pending in state court litigation

brought by the Debtor, styled *Lunt v. The Peoples Bank, et al.*, pending in the District

Court of Pratt County Kansas, case no. 10 CV 52 (State Court Litigation). The Court

denied the Motion to Abstain, primarily because the Motion for Contempt is a core

proceeding. But the Court also stated that it would seek to reduce to the fullest extent

possible the duplication of efforts which the Court anticipated would result from having

litigation in two courts.[4]

---

[3] Dkt. 173.

[4] Dkt. 191.

The Debtor has filed a Motion for Summary Judgment on his Motion for Contempt against the Bank. The Trust Beneficiaries, who are a sister and brother of the Debtor and beneficiaries of the trust for which the Bank serves as trustee, seek leave of Court to participate in the briefing of the Motion for Summary Judgment. The Motion for Contempt is a contested matter. Intervention in a contested matter by an interested entity is governed by subsection (a) of Bankruptcy Rule 2018(a). It provides:

> Intervention; Right To Be Heard.
> (A) Permissive Intervention. In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.

Cause for purposes of intervention under the rule "is an economic interest in the case or one of its aspects."[5] "Permissive intervention is warranted if the entity demonstrates that no other entity exists to adequately protect its position and that intervention would not result in undue delay or prejudice."[6] Intervention may be limited as to the issues in which the intervener will be heard or as to the degree of participation of the intervener.[7]

The Court finds that the Trust Beneficiaries have cause to intervene. The Motion for Contempt concerns the Bank's duties as trustee under the trust established for the

_____

[5] 9 *Collier on Bankruptcy* ¶ 2018.04[3] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2010).

[6] *Id*.

[7] *Id*. at ¶ 2018.04[2].

3

benefit of the Debtor and the Trust Beneficiaries.  The outcome of the Motion for

Contempt will affect future distributions to all trust beneficiaries, including Debtor and

those seeking to intervene.  Rulings made by this Court may effect the pending State

Court Litigation, to which the Trust Beneficiaries are also parties.  Not allowing the

Motion to Intervene would bar the Trust Beneficiaries from participating in this

proceeding, thereby possibly reducing the preclusive effect of the rulings of this Court in

the State Court litigation.

Debtor opposes the intervention on the basis that the interests of the Trust

Beneficiaries are adequately represented by the Bank, as trustee of the trust, and that

intervention would unnecessarily increase the Debtor's litigation costs.  The Court finds

neither of these considerations sufficient to deny the Motion to Intervene.  The Bank is

the defendant in the Motion for Contempt.  It is defending its own actions as trustee.

Although the Bank's  litigation positions appear similar to those of the Trust

Beneficiaries, the legal rights and duties of the Bank trustee and the Trust Beneficiaries

are not identical.  There is no assurance that the Bank will adequately represent the

interests of the Trust Beneficiaries.  Debtor, when initiating the State Court Litigation and

this contested matter, should have anticipated litigation costs.  Responding to two sets of

briefs in opposition to the Motion for Summary Judgment should not greatly increase that

burden.  The timing of the intervention is such that it will not cause significant delay.

The Trust Beneficiaries' Motion to Intervene will therefore be granted.  Although

the title of the Motion to Intervene is limited to briefing the summary judgment motion,

the arguments in support of intervention are more broadly framed in terms of the contempt proceeding. The Court perceives no benefit in limiting intervention to briefing. The only issue in this reopened bankruptcy proceeding is the Motion for Contempt against the Bank. The Trust Beneficiaries' interests extend to resolution of that motion, whether by summary judgment or trial. The Court will therefore grant intervention as to all matters relating to the Motion for Contempt.

For the foregoing reasons, the Motion to Intervene is granted as to all aspects of the proceedings relating to the Motion for Contempt. The Trust Beneficiaries may participate in the briefing of the motion for summary judgment.

The Trust Beneficiaries shall file their brief in response to the Debtor's summary judgment motion on or before **June 5, 2012**. Responses to that brief shall be filed on or before **June 19, 2012**.

**IT IS SO ORDERED.**

###

5